Joseph N. Mott
Nevada Bar No. 12455
LAW OFFICES OF STEVEN J. PARSONS
7201 W Lake Mead Blvd Ste 108
Las Vegas NV 89128-8354
(702) 384-9900
(702) 384-5900 (fax)
Joey@SJPlawyer.com

Attorney for Plaintiff
GEORGE DYLAN THAXTON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE DYLAN THAXTON, an Individual,<br><br>     Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation,<br><br>     Defendant. | Case No. 2:15-cv-820-(GMN)-NJK<br><br>THE PARTIES' STIPULATION AND <s>PROPOSED</s> ORDER FOR THE PROTECTION OF CONFIDENTIAL AND PROPRIETARY INFORMATION AND DOCUMENTS<br><br>AS AMENDED, PAGE 5 |

The parties, by the undersigned, in order to preserve and maintain the confidentiality of certain proprietary documents to be produced in this action, hereby stipulate and agree:

1.  All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation, and shall not be disclosed to any person except in accordance with the terms hereof.

2.  Confidential Information, as used herein, means any information of any type, kind or character which is in good faith designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information, the public disclosure of which information would cause harm to the party producing the information.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 1 of  8

Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

3. Qualified Persons, as used herein means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Independent technical experts or consultants, who have been retained by a party to render an opinion and to testify to such an opinion, and who have signed a document in the form attached as Exhibit "A", agreeing to be bound by the terms of this Stipulated Protective Order (such signed document to be in the files of the attorney retaining the expert or consultant, to be filed upon any offer of testimony by the expert, by the attorney retaining such person);

(c) The party or the parties, or if the party is an entity, an officer or other designee of the party.

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved by the producing party for inspection upon reasonable demand.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 2 of  8

"Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Stipulated Protective Order. The Parties further agree the entirety of each deposition transcript shall be deemed Confidential and the producing party shall initiate a meet and confer within 30 days after receipt of the deposition transcript to discuss those portions of the deposition which need not be deemed Confidential.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above

(b) Copies of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s) and stored in a secure place. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. No party or Qualified Person shall, for itself, make more copies of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") documents than are reasonably necessary to conduct this litigation.

(c) Each party's outside counsel shall be responsible for all copies made of such documents and things designated as "Confidential."

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by sequential number within thirty (30) days of the entry of this Stipulated Protective Order. If any party inadvertently produces or initially discloses any Confidential Information without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Stipulated Order, and shall forward appropriately stamped copies of the items in question.

8. Nothing herein shall prevent disclosure beyond the terms of this Stipulated

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 3 of  8

Protective Order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person, subject to Paragraph 5 above.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may invoke this Stipulated Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties, may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Stipulated Protective Order.

10. Nothing shall be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

    (a) is in the public domain at the time of disclosure, as evidenced by a written

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

1  document;

2  (b) becomes part of the public domain through no fault of the other party, as
3  evidenced by a written document;

4  (c) the receiving party can show by a written document that the information
5  was in its rightful and lawful possession at the time of disclosure; or

6  (d) the receiving party lawfully receives such information at a later date from
7  a third party without restriction as to disclosure, provided such third party has the right to make
8  the disclosure to the receiving party.

9  ~~11. Prior to filing any documents with the Court that contain any portion of any~~
10 ~~Classified Information or information taken from any Classified Information, that party must file~~
11 ~~a motion seeking an order sealing the documents. A copy of the motion to seal must be served~~
12 ~~on all parties that have appeared in the case.~~

*See order issued concurrently herewith*

13 ~~12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all~~
14 ~~proceedings involving or relating to documents or any other information shall be subject to the~~
15 ~~provisions of this Stipulated Protective Order.~~

16  13. Within thirty (30) days of the conclusion of this case, the parties shall notify each
17 other that all reasonable efforts have been made to retrieve and destroy any other copies of the
18 materials so designated within this Order.  Parties' counsel may keep for the period of time
19 required for file retention under the Rules of Professional Responsibility, the produced copy of
20 materials designated so that the file of the parties' counsel is complete and available to counsel
21 to support all professional decisions and choices made during the course of the litigation.

22  14. This Stipulated Protective Order shall not bar any attorney herein in the course
23 of rendering advice to his client with respect to this litigation from conveying to any party client
24 his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes
25 Only") information produced or exchange herein;

26  15. Any party designating any person as a Qualified Person shall have the duty to
27 reasonably ensure that such person observes the terms of this Protective Order and shall be

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 5 of  8

1  responsible upon breach of such duty for the failure of any such person to observe the terms
2  of this Protective Order.
3          Dated: Thursday, October 1, 2015.

4  LAW OFFICES OF STEVEN J. PARSONS                LEWIS BRISBOIS BISGAARD & SMITH LLP

5  /s/ Joseph N. Mott                              /s/ Priscilla L. O'Briant
   JOSEPH N. MOTT                                  ROBERT W. FREEMAN
6  Nevada Bar No. 12455                            Nevada Bar. No. 003062
                                                   PRISCILLA L. O'BRIANT
7  Attorney for Plaintiff                          Nevada Bar. No. 010171
   GEORGE DYLAN THAXTON
8                                                  Attorneys for Defendant
                                                   THE TRAVELERS INDEMNITY COMPANY
9

10                                          ORDER

11         Pursuant to the foregoing stipulation and agreement of the parties, and for good cause
12 appearing,
13         IT IS SO ORDERED.
14         Dated: October  2  , 2015.

16                                          _____
                                            U.S. ~~DISTRICT/~~MAGISTRATE JUDGE

Law Offices of Steven J. Parsons
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128-8354
(702)384-9900; fax (702)384-5900
Joey@SJPlawyer.com

Page 6 of 8

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE DYLAN THAXTON, an Individual, | Case No. 2:15-cv-820-(GMN)-NJK |
| Plaintiff, | WRITTEN ASSURANCE REGARDING <u>PROTECTIVE ORDER</u> |
| vs. | |
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, | |
| Defendant. | |

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

      AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

      1.      I have read the foregoing Stipulated Protective Order and agree to be bound by its terms with respect to any documents, material or information designated or marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), that are furnished to me as set forth in the Stipulated Protective Order.

      2.      I further agree (i) not to disclose to anyone any documents, material or information marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") other than as set forth in the Stipulated Protective Order; and (ii) not to make any copies of any documents, material or information marked "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") furnished to me except for use in accordance with the Stipulated Protective Order; and (iii) not to use any documents or information produced or provided to me in connection with this litigation for any purposes other than those prosecuting and/or defending this action as set forth in paragraph 8 of the Stipulated Protective Order

      3.      I agree that my signature below submits me to the jurisdiction of the United

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 7 of  8

1 States District Court, District of Nevada in which the action of *George Dylan Thaxton v. The*

2 *Travelers Indemnity Company*, Case No. 2:15-cv-820-(GMN)-NJK, is pending, and binds me to

3 the provisions of the Stipulated Protective Order, including to all promises Undertaken in the

4 Stipulated Protective Order, as if originally agreed by me.

5     FURTHER AFFIANT SAYETH NOT.

6     Dated: _____, 20__.

7

8                                         SIGNATURE

9 SUBSCRIBED AND SWORN to before me

10 _____, 20__

11

12 NOTARY PUBLIC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Joey@SJPlawyer.com*

Page 8 of  8